JULIA E. MCGRATH *vs.* GEORGE L. WEHRLE & another.

Suffolk. March 5, 1919.—September 10, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, &
CARROLL, JJ.

*Negligence*, Motor vehicle. *Agency*, Scope of employment. *Practice, Civil*,
Rulings and instructions. *Words*, "*Probably*."

In an action for personal injuries from being run into by a motor truck driven by a
man in the general employ of the defendant, it appeared that the truck was
purchased only four days before and that the driver was accompanied by an in-
structor furnished by the seller of the truck and had been told by the defendant
to learn as fast as he could, that the accident happened after the driver's regular
work for the day had been finished and when he was on his way home. The
plaintiff argued that, as the driver had been ordered to learn to operate the truck
as fast as he could, he could be found to have been receiving such instruction at
the time of the accident, although his regular work was over. The judge refused a
request to rule that, if the driver of the truck was driving for the sole purpose of
going to his own home, he was acting outside the scope of his employment, and
instructed the jury instead as follows: "I shall leave the question to you whether
on that evening ride [the driver] was acting within the scope of the business of
his employer, and I shall say to you probably that unless you find that one of
the purposes, one of the objects of that ride was to learn to use the car, that there
was nothing here that would warrant you in finding that he was within the scope

of the defendant's authority." *Held,* that the instruction requested should have been given, and that the instruction given was rendered erroneous by the use of the word "probably."

TORT for personal injúries sustained by the plaintiff on June 26, 1915, by being run into by a motor truck alleged to have been operated negligently. by a servant of the defendants named Anglin. Writ dated December 18, 1915.

In the Superior Court the action, together with another action against the White Company, from which the defendants had bought the truck, was tried before *Fox,* J. The evidence is described in the opinion. At the close of the evidence the defendants asked the judge to instruct the jury as follows:

"1. On all the evidence and the pleadings in the case, a verdict should be returned for the defendants."

"3. If, at the time of striking the plaintiff, the operator of the automobile was driving the automobile for the sole purpose of going to his own home, he was acting outside of the scope of his employment, and a verdict should be returned for the defendants."

"5. If, at the time of the accident, Anglin was not engaged in going to where he had been instructed by the foreman, Boucher, to go, he was not acting in the scope of his employment, and the defendants are not liable for his acts and omissions, and a verdict must be returned for the defendants."

The judge refused to give any of these instructions, and, among other instructions, gave to the jury the instruction which is quoted in the opinion.

The judge submitted to the jury the following special question:

"At the time of the accident was Anglin engaged in his employer's business and acting at that particular time within the scope of his employment?"

The jury answered "Yes," and returned a general verdict for the plaintiff in the sum of $2,000. The defendants alleged exceptions.

The case was argued at the bar in March, 1919, before *Rugg,* C. J., *De Courcy, Crosby, Pierce,* & *Carroll,* JJ., and afterwards was submitted on briefs to all the Justices.

*F. R. Mullin,* (*P. F. Spain* with him,) for the defendants.

*W. B. Grant,* (*H. E. Whittemore* with him,) for the plaintiff.

CROSBY, J. The plaintiff, while in the exercise of due care and travelling with her two young children upon a street in that part of Boston called South Boston, was injured by the negligence of one Anglin who was driving a motor truck and who was in the general employ of the defendants. This action and an action against the White Company were tried together. There was a verdict for the plaintiff in this action, and in the case against the White Company the verdict was for the defendants.

The accident happened on Saturday, June 26, 1915, at about eight o'clock in the evening. Anglin had been employed by the defendants as a teamster in delivering goods, and a few days before the accident occurred the defendants had purchased of the White Company the motor truck and Anglin was being instructed by one Cobb (who was in the employ of the White Company) to run it. There was evidence that the instructions so given continued during the four days before the day of the accident; and it was agreed that the White Company should furnish an instructor for the defendants' employees for the period of one week without charge.

The sole question at the trial was whether at the time of the accident Anglin was engaged in his master's business and acting within the scope of his employment. As to this many of the facts are not in dispute. Upon the evidence most favorable to the plaintiff the following could have been found: That Anglin and Cobb reached the defendants' place of business on Leverett Street in Boston, on the evening of the accident, about half past six o'clock, after Anglin had finished for that day his regular work; that he went to the office and got his pay; that the defendants' foreman, one Boucher, "told him to go and pay a bill at a place on Lansdowne Street, Cambridge, for an inner tube that was purchased there the day before;" that Anglin and Cobb then got on the truck, which was outside the defendants' store, and went down Charles Street and stopped at the Evans House, at the corner of Cambridge Street, where they had a drink; that from there they went to a house on Idlewild Street, in Allston, where Cobb roomed, and then went to the White Company's garage to get a spark plug with which to repair the car as it was "skipping;" that they then went to a place on Massachusetts Avenue where they had a drink, and then started to go to Anglin's house in South Boston, and were on their way there when the accident occurred.

Anglin testified that, on the day before the accident, when his application to the highway commission for an operator's license and the certificates accompanying it were filled out, Boucher told him "to learn it as fast as I [he] could." He also testified that Wehrle, one of the defendants, told him to "learn it, that is all." There was evidence that Anglin on the night of the accident had a dozen bottles of beer in a bag which he intended to take home; but it could not properly have been contended that while he was then doing this thing for his own convenience he was engaged in his master's business, and we do not understand the plaintiff so to argue.

The jury in answer to a special question found that at the time of the accident Anglin was "engaged in his employer's business and acting at that particular time within the scope of his employment."

It is the contention of the plaintiff that, as Anglin was instructed to learn to operate the truck as fast as he could and was not expressly limited to receiving such instructions during business hours, he could have been found to have been receiving instructions at the time of the accident; and, if the jury so found, it could also have been found that he was acting within the scope of his employment. His employment generally was limited to the delivery of goods to the defendants' customers during business hours, as directed by the defendants or their foreman.

The defendants excepted to the refusal of the presiding judge to give their third request that "If, at the time of striking the plaintiff, the operator of the automobile was driving the automobile for the sole purpose of going to his own home, he was acting outside the scope of his employment, and a verdict should be returned for the defendants." This was a correct statement of the law and applicable to the evidence. Instead of giving the request, the judge instructed the jury upon this aspect of the case as follows: "Now, having regard to the testimony in this case on one side or the other, I shall leave the question to you whether on that evening ride Anglin was acting within the scope of the business of his employer, and I shall say to you probably that unless you find that one of the purposes, one of the objects of that ride was to learn to use that car, that there was nothing here that would warrant you in finding that he was within the scope of the defendant's authority."

The instruction given did not even in substance cover the request which related to an important issue the jury were required to decide, but it would have been accurate and sufficient if the adverb "probably" had been omitted. In effect, it was equivalent to saying that under the circumstances as stated it was likely the defendants were not liable, although there was room for doubt about it. An instruction that a certain finding probably will not warrant a verdict for the plaintiff, is not equivalent to an instruction that the finding will not warrant such a verdict. The instruction as given did not present to the jury a clear and correct understanding of their duty which would enable them properly to determine the important question of liability.

As the third request was not given either in form or substance, the defendants' exception must be sustained.

*So ordered.*