LOUISA M. LAMBERT *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

CLARENCE E. LAMBERT *vs.* SAME.

Middlesex.   December 2, 1921. — March 2, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* In use of motor car, In use of highway, Contributory, Imputed. *Practice, Civil,* Charge to jury, Exceptions.

At the trial of an action against a street railway company for damages resulting from the plaintiff's motor car being run into shortly after one o'clock on an afternoon in mid-July by a street car of the defendant after the motor car had skidded and tipped over upon the defendant's track, there was uncontradicted

evidence tending to show that, before the skidding, the plaintiff had been driving at the rate of twelve miles per hour. The plaintiff testified that the surface of the street was oiled with some oil preparation and was more or less wet on account of a rain which had fallen the night and early morning before, and that before his car began to skid he did nothing that he recalled relative to either increasing or decreasing the speed of his car. *Held*, that

(1) A ruling, that "The mere skidding of the car was not an occurrence of such uncommon or unusual character that, unexplained, the jury could say it furnished evidence of the plaintiff's negligence," asked for by the plaintiff and refused by the judge, should have been given;

(2) The error in refusing the above ruling was not cured by an instruction, given by the judge, that the "mere skidding of his automobile, unexplained, is not necessarily evidence of negligence on" the part of the plaintiff.

With the action above described there was tried an action by the wife of the plaintiff therein against the same defendant for personal injuries. The wife testified "that they were not going very fast; that she noticed nothing until they were in the car track and tipping over." There was no other evidence of her conduct before the collision. The judge refused to rule that there was no evidence of contributory negligence on her part, and instructed the jury that "she would not be entitled to recover if, in the exercise of common prudence, she ought to have given some warning to her husband of carelessness upon his part, which she observed or might have observed in the exercise of due care, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of her husband." The judge further stated to the jury that he so instructed them because it was possible on the evidence that they might find the husband to have been negligent, "and that, while he cannot recover, you may then have to consider whether his wife can recover." *Held*, that the ruling requested properly was refused, and that the instructions were adequate.

At the trial of an action against a street railway company for damage to a motor car owned and driven by the plaintiff, which skidded upon a highway and turned over upon the defendant's track, where it was struck by a street car, there was uncontradicted evidence that, at the time the car skidded, the plaintiff was driving at the rate of twelve miles an hour. It appeared that the defendant's track was off the travelled way at the left hand side of the highway as the plaintiff was travelling. The plaintiff testified that the surface of the street was oiled with some oil preparation and was more or less wet on account of a rain which had fallen the night and early morning before, and that before his car began to skid he did nothing that he recalled relative to either increasing or decreasing the speed of his car. The plaintiff requested a ruling that there was no evidence that the speed of the motor car before it skidded was such as to establish negligence on the part of the plaintiff. The ruling was refused. *Held*, that the request could not properly have been granted.

Two ACTIONS OF TORT, the first action being for personal injuries received when the plaintiff was run into by a street car of the defendant after she had been thrown from an automobile driven by her husband, the plaintiff in the second action, when it tipped over, and the second action being for damages conse-

quent upon the injuries to the plaintiff's wife and for damage to the automobile. Writs dated January 10, 1920.

In the Superior Court, the actions were tried together before. *Bishop*, J. It appeared that the accident happened at fifteen minutes after noon on July 11, 1919, a day light and clear after rain during the previous night and early morning. The plaintiff in the second action testified that, before the automobile had tipped over, he was driving at the rate of twelve miles an hour. There was no other evidence as to his speed. He also testified "that the surface of the street was oiled with some oil preparation and was more or less wet on account of the rain during the night; that before his car began to skid he did nothing that he recalled relative to either increasing or decreasing the speed of his car."

The plaintiff in the first action testified "that on the way from Somerville they went to Winchester and got on the wrong road; that they were not going very fast; that she noticed nothing until they were in the car track and tipping over."

Upon the question of contributory negligence on the part of the plaintiff in the first action, the judge charged the jury as follows: "Just a word as to Mrs. Lambert. You have had other cases here where a passenger in the automobile has brought suit for damages. A passenger, a guest, in an automobile cannot get into a car, sit back, close their eyes—of course, I am using this merely as an illustration — fold their arms, pay no attention to what is going on, surrendering themselves absolutely, completely, almost unconsciously, to the driver of the car, and then come in and say, 'I was in the exercise of due care, although the driver of the car,— although I admit the driver of the car was negligent,' and recover. There is a duty upon a person in such a situation as Mrs. Lambert was, to exercise that degree of care which a reasonably prudent person would exercise as she was situated there. That is, she would not be entitled to recover if, in the exercise of common prudence, she ought to have given some warning to her husband of carelessness upon his part, which she observed or might have observed in the exercise of due care, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of her husband. She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself from her own negli-

gence. I speak of that because it is possible, on the evidence, that you may find that Mr. Lambert was careless, was negligent, and that while he cannot recover, you may then have to consider whether his wife can recover, and you will bear in mind what I have just said to you, in case you come to that."

Other material evidence, requests by the plaintiffs for rulings, and other material portions of the judge's charge are described in the opinion. The jury found for the defendant; and the plaintiffs alleged exceptions.

*F. L. Norton,* for the plaintiffs.

*E. P. Saltonstall,* (*A. F. Bickford* with him,) for the defendant.

CROSBY, J. These are two actions of tort: the first, to recover for personal injuries received by the plaintiff on July 11, 1919, in consequence of being struck by one of the defendant's cars after the automobile in which she was riding had upset upon the defendant's car tracks; and the second, by her husband, who was operating the automobile at the time of the accident, to recover for medical and nursing expenses incurred by him in the treatment of his wife on account of the injuries sustained by her, and for damages to his automobile caused by being struck by the car.

The accident occurred on Osgood Street, a public way in North Andover. The street runs in an easterly and westerly direction, and at the place of the accident had a macadam or tarvia surface on each side of which for a few feet was loose gravel. The defendant maintained a single track on the extreme northerly side of the street beyond the edge of the tarvia surface. On the day of the accident the plaintiffs were travelling on the street in an easterly direction in an automobile driven by Mr. Lambert, his wife sitting on the seat beside him; when they reached a point nearly opposite a lane described in the record the automobile suddenly skidded to the left, partly across the street railway track, and tipped over; while in that position a car of the defendant travelling in a westerly direction struck the automobile and Mrs. Lambert.

At the close of the evidence the plaintiffs requested the presiding judge to give six instructions. The fifth was given in substance, the second and sixth are waived, thus leaving for consideration the first, third and fourth.

The first request was that "The mere skidding of the car was not an occurrence of such uncommon or unusual character that unexplained the jury could say it furnished evidence of the plaintiff's negligence." The court refused so to instruct the jury, but did instruct them that "The mere skidding of his automobile, unexplained, is not necessarily evidence of negligence on his part." The request was a correct statement of the law pertinent to the issue of the conduct of the driver of the automobile, and should have been given; as modified by the court, it was not in substance nor effect what was asked for and to which the plaintiffs were entitled. The mere fact that the automobile skidded was not evidence of negligence; this court has so held in several cases. *Williams* v. *Holbrook,* 216 Mass. 239, 242. *Loftus* v. *Pelletier,* 223 Mass. 63, 65. *Kelleher* v. *Newburyport,* 227 Mass. 462, 464. If there was evidence to show that the automobile skidded by reason of negligence of the driver it could have been found that such negligence caused or contributed to the accident, but such evidence did not make the request inapplicable; the request was based on the assumption that skidding of the automobile was unexplained and unaccounted for. The instruction given that the skidding of the automobile was not necessarily evidence of negligence did not protect the rights of the plaintiffs, as the jury might have found it to be evidence of negligence, although wholly unexplained. As it did not accurately inform the jury upon an important issue, and as the instruction asked for was pertinent to a correct determination of that issue, the exception to the refusal to give it must be sustained. *McGrath* v. *Wehrle,* 233 Mass. 456.

The third request that "There is no evidence of contributory negligence on the part of Louisa M. Lambert" was properly refused. It is plain that she could not recover if she was guilty of contributory negligence. If the jury found that in the exercise of common prudence she ought to have given warning to her husband of carelessness on his part, which she observed or ought to have observed in the exercise of due care for her own safety, and that she ought to have warned him that he was driving at too great a rate of speed in view of the condition of the surface of the street, or, that in the exercise of reasonable care she should have seen the approaching car and directed his atten-

tion to it and that she failed to do so, she would not be entitled to recover. Nor could she recover if she negligently abandoned the exercise of her own faculties and trusted entirely to the care and caution of her husband, and his negligence caused or contributed to the accident. The instructions given to the jury on this branch of the case were full, clear and accurate. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535.

The plaintiffs' fourth request is "There is no evidence that the speed of the automobile before it skidded was such as to establish negligence on the part of Clarence E. Lambert." This request properly could not have been given. The uncontradicted evidence was that the automobile was being operated at a speed of twelve miles an hour just before the accident. The jury could have found that, owing to the wet and slippery condition of the tarvia surface of the street, the speed was unreasonable and improper; such a finding would have been evidence of negligence of the driver.

As the plaintiffs' first request should have been given, the entry must be

*Exceptions sustained.*