[Civ. No. 174. Fourth Appellate District.—December 31, 1930.]

S. M. GONZALEZ, Respondent, v. H. S. NICHOLS, Appellant.

Swing & Wilson and Fred A. Wilson for Appellant.

John H. Corning and Dean Sherry for Respondent.

CARY, P. J.—This action was brought by plaintiff to recover damages for injuries received in a collision between plaintiff's automobile and defendant's truck. From a judgment entered upon a verdict in favor of plaintiff Gonzalez and against defendant, defendant appeals.

As grounds for reversal the defendant contends: (1) That the evidence fails to establish negligence; (2) that the evidence shows contributory negligence as a matter of law; (3) that the court erroneously admitted certain evidence; (4) that the court erred in giving and refusing certain instructions, and (5) that the court erred in permitting certain questions to be asked on the examination of the jurors.

Viewed in the light most favorable to the plaintiff, the facts follow: The accident took place between 1 and 2 o'clock in the morning on the main highway leading from Imperial Valley north to the city of Riverside, at a point some eight or ten miles south of the station of Whitewater. The road is paved and on either side of the pavement are shoulders of hard-packed sand sufficiently wide to allow a vehicle such as

defendant's truck to be parked thereon. There are several storm drains or dips in the road in this vicinity and in the bottom of one of these a large truck belonging to the defendant was standing close to its right edge of the pavement and headed towards Riverside. All of its wheels were on the pavement. Two employees of the defendant, assisted by two other men, were engaged in replacing on the truck a load of baled alfalfa which had previously fallen off. Some of these bales had already been loaded on the truck while others were scattered along the roadway, some of them on the pavement in rear of the truck. The truck had a lighted tail-light located two inches underneath and some three feet forward of the rear end of the bed of the truck. The plaintiff with a single passenger in his automobile was driving along this highway. The night was unusually dark. The lighted headlights and the brakes on the plaintiff's machine were in good condition and he was watching the road ahead. Driving at from thirty to thirty-five miles an hour plaintiff, due to the combination of the dip in the road, the bales of hay in rear of the truck, the position of the truck's tail-light underneath the bed of the truck, and the headlights of a car coming from the opposite direction, did not see the truck until he was within fifteen or twenty feet of it. The car coming in the opposite direction was just passing the truck, making it impossible for plaintiff to swing to his left. Plaintiff immediately slammed on his brakes with such force that his passenger was hurled forward against the windshield with sufficient force to break the glass. The right front fender of plaintiff's automobile collided with the left rear portion of defendant's truck with the result that plaintiff's machine was severely damaged and the plaintiff seriously injured. Evidence was introduced on behalf of the plaintiff without objection that the driver of the truck had, after the accident, stated that he saw plaintiff's headlights and tried to get out a flashlight and signal him, but was unable to do so on account of his nervousness and excitement.

 Under these circumstances the question of the negligence of the defendant was properly submitted to the jury nor can it be said as a matter of law that plaintiff was guilty of contributory negligence in failing to discern the truck sooner.

█ Defendant complains that the court, over objection, allowed plaintiff's physician to state that plaintiff had told him another physician had removed a piece of glass from plaintiff's arm. We fail to see how prejudice could have resulted therefrom.

█ On cross-examination of defendant's truck driver he was asked the question: "Did you state in substance at that conversation that you had been working about 18 or 20 hours for Mr. Nichols on the day immediately, and the time immediately preceding the collision, and that you were tired out, so tired that you were unable to drive any more and had turned the truck over to Mr. Hedgpeth, whom you regarded as an incompetent driver?" A. "I do not remember of making it." Upon rebuttal plaintiff was asked the question: "State the substance of that conversation if you remember it." Over objection plaintiff replied: "He said, 'I have been on the road over 24 hours and I was too tired, and if my helper was incompetent enough to drive the truck, and the helper had been driving before, on the last load.'"

While the proper question to have asked plaintiff on rebuttal would have been whether or not at the stated time and place and in the presence of the stated witnesses the truck driver had made the statement asked in the cross-examination, quoting it, and while this method was not pursued, yet the error cannot be considered prejudicial for two reasons: First, the answer is so incoherent that it is impossible to tell what it means, and second, even if we should assume that the answer meant that the truck driver had turned the truck over to his assistant, whom he regarded as an incompetent driver, yet whether the truck driver's assistant was competent or incompetent to drive the truck could in nowise have prejudiced the defendant, since the truck was stationary at the time of the accident.

Several other assignments of error of similar nature are made. These we have carefully examined but find nothing prejudicial. We find no error in the court's rulings on the examination of the jurors.

█ Defendant complains of the giving and refusing of certain instructions, but the only one which requires special notice is the following: "The court further instructs you that the plaintiff is not required to show particularly what the specific act of negligence was which produced the acci-

dent, but is only required to show that the collision is one which would not ordinarily occur had due care been employed by the defendants. The burden of proof then shifts to the defendants to show their freedom from negligence.'' The theory under which this instruction was given is not clear. It is apparently an attempt to state the doctrine of *res ipsa loquitur* and plaintiff, in support of this instruction, cites *Soto* v. *Spring Valley Water Co.*, 39 Cal. App. 187 [178 Pac. 305], where a similar instruction was approved. That case was one in which the doctrine of *res ipsa loquitur* was applicable. But under the circumstances in the case at bar that doctrine has no application. The giving of this instruction was therefore error. It remains to be determined whether this error is sufficient to require a reversal of the cause. Elsewhere in the instructions the jury were repeatedly told that the burden was on the plaintiff to prove by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the injury. In *Tower* v. *Humboldt Transit Co.*, 176 Cal. 602 [169 Pac. 227], an instruction on the doctrine of *res ipsa loquitur* was held erroneous because not applicable to the facts. While the Supreme Court reversed the case because of that and other instructions, yet the court pointed out that the proof of negligence in that particular case was so unsatisfactory that the errors in instructions could not be disregarded under the provisions of section 4½ of article 6 of the Constitution. Here, however, an exceptionally clear case of negligence is presented. We are therefore of the opinion that the giving of this instruction cannot be said to have resulted in a miscarriage of justice.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 26, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.