265 P.2d 983

ZANOLINI et al.

v.

FERGUSON–STEERE MOTOR CO. et al.

No. 5693.

Supreme Court of New Mexico.

Jan. 20, 1954.

C. C. McCulloh, W. R. Kegel, Leslie. D. Ringer, Santa Fe, N. M., for appellants.

Gilbert, White & Gilbert, Santa Fe, N. M., for Ferguson-Steere Motor Co. and Magnolia Petroleum.

Seth & Montgomery, Santa Fe, N. M., for E. B. Law & Son.

COMPTON, Justice.

This action involves the doctrine respondeat superior, arising from the negligent operation of motor vehicles by appellees. The complaint charges Ferguson-Steere Motor Company with having negligently, recklessly, and unlawfully parked its truck on the paved portion of the highway in question without warning lights and signals, when it was practicable to park it on the

shoulders of the highway. It charges E. B. Law & Son with the same negligence, and further, that it parked its truck on the wrong side of the paved portion of the highway. The Magnolia Petroleum Company is charged with having parked its truck on the west shoulder of the highway without warning signals. It then alleges that in order to avoid a collision with the trucks thus negligently parked, appellants' truck was forced off the highway which caused its loaded trailer to overturn and the resultant damages. Negligence was denied and appellants' contributory negligence was pleaded as an affirmative defense.

At the close of appellants' case in chief, a motion was sustained dismissing the action as to the Magnolia Company. Appellees further moved for a directed verdict as to Ferguson-Steere Company and E. B. Law & Son on the ground of the insufficiency of the proof to establish negligence of appellees and as the proximate cause of the injury; and further, on the ground the contributory negligence of appellants contributed as a proximate cause of the accident as a matter of law. The motion was overruled, and thereafter, a verdict was returned for appellants. Subsequently, appellees moved for judgment notwithstanding the verdict on the grounds stated in their motion for a directed verdict; or in the alternative, a new trial be granted on the grounds thus stated. The court granted the motion, also awarded a new trial. From the order and judgment sustaining the motion for judgment notwithstanding the verdict, appellants appeal. The correctness of the court's ruling in granting a new trial was not challenged.

■ The questions presented are whether the court erred in granting judgment notwithstanding the verdict and, whether appellants were negligent as a matter of law, and if so, whether such negligence contributed proximately to the accident. We begin our study of these questions mindful of certain controlling considerations. First, in the consideration of a motion for judgment non obstante veredicto, the evidence favorable to the successful party, together with all inferences as may be reasonably drawn therefrom, will be accepted as true and all evidence to the contrary will be disregarded. In other words, to grant the motion, the court should be able to say there is neither evidence nor inference from which the jury could arrive at the verdict returned by it. Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047; Michelson v. House, 54 N.M. 197, 218 P.2d 861. Next, before a plaintiff can be held guilty of contributory negligence as a matter of law, it must appear conclusively his negligence contributed proximately to the accident and injury; and to bar recovery, not only the plaintiff's negligence must be shown, but also a causal relationship between such negligence and the injury. Williams v. Haas, 52 N.M. 9, 189 P.2d 632;

Schoen v. Schroeder, 53 N.M. 1, 200 P.2d 1021.

We will summarize the evidence. About 4:00 a. m. on December 11, 1952, appellants were driving their truck from Trinidad, Colorado to El Paso, Texas. At the time of the accident and immediately prior thereto, Gene Zanolini was driving the truck in a southerly direction along an icy highway between Vaughn and Roswell, New Mexico, at a place known as Ramon Hill, where the accident occurred. He was heavily loaded; the loaded truck and trailer weighing in excess of 50,000 pounds. As he approached Ramon Hill from the north, he was traveling at a speed of 30 to 35 miles per hour on the solid ice up a gradual incline. As he reached the crest of the hill, he observed the highway blocked about 100 yards ahead. The Ferguson-Steere truck was apparently stopped on the east side of the pavement, headed in a northerly direction. The Law & Son truck was apparently stopped on the west side of the pavement in appellants' lane of travel, headed in a northerly direction. The Magnolia truck, headed in a southerly direction, was stopped on the west shoulder 2 or 3 feet off the pavement, almost abreast one or more of the other vehicles. It was obvious to appellants' driver that the three trucks were so stopped as to completely block the pavement as well as the west shoulder. It is admitted that no warning signals were put out.

Being confronted with this sudden peril, Zanolini drove his truck off the highway to avoid a collision. In doing so, the Zanolini trailer skidded on the icy pavement, jackknifed, and overturned, resulting in the alleged damages. When we view this evidence in the most favorable light permissible from appellants' standpoint, we readily come to the conclusion the court erred in granting judgment non obstante veredicto.

The Zanolini truck was traveling from 30 to 35 miles per hour at the time the driver saw the highway apparently obstructed, and it is contended that by reason of such speed, appellants are guilty of contributory negligence and that this court should so declare as a matter of law. In this respect reasonable men could well differ. Appellants testified this was a safe speed, though there was evidence to the contrary, and that it was necessary so as not to lose traction. That appellants did not stall on the icy road, tends to support this contention. The question, therefore, becomes one of fact for the jury and not one of law for the court. Whether the rate of speed is negligent, is a question of fact, the answer to which depends on all the surrounding circumstances; and the degree of care required of a driver, necessarily varies with road conditions and the damages to be avoided. Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382; Silva v. Waldie, 42 N.M. 514, 83 P.2d 282; Chandler v.

Battenfield, supra. Under the circumstances, we cannot say the Zanolini driver did not use such care as a person of ordinary prudence would exercise under the same or similar conditions.

In view of a new trial, other questions relating to instructions should be decided for the benefit of court and counsel at a subsequent hearing. As a basis for granting a new trial, the court concluded it had committed error in giving the following instruction:

"12. Section 68–728 of the 1941 New Mexico Compilation, requires trucks of over one (1) ton capacity, in case of a breakdown or stop on the paved or travelled portion of the highway between sundown and sunrise, forthwith to place a flare at the side nearest the traffic and to place torches in front, to the rear, and at the side of such vehicle nearest traffic.

"Vehicles hauling explosive or inflammable material are required to use electric-type lighting and signalling devices.

"Section 68–523 of the 1941 New Mexico Compilation, prohibits any person from parking or leaving standing any vehicle, whether attended or unattended, upon the improved, or paved, or main-travelled portion of any highway, outside a business or residential district when it is practical to park or leave such vehicle standing off the paved or improved or main-travelled portion of such highway; and in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless clear and unobstructed width of not less than fifteen (15) feet upon the main-travelled portion of said highway opposite such standing vehicle, shall be left for free passage of other vehicles thereon.

"Said Sections 68–523 and 68–728 are Statutes regulating the manner of parking or leaving motor vehicles on the highway. Violation of these Statutes, or either one of them, constitutes negligence per se, if compliance therewith was reasonably possible. If such negligence is shown to exist under the evidence, by one or more of the Defendants, and it proximately contributed to the Plaintiffs' damage, and the Plaintiffs are not at fault, then the Defendants, or such of them as were negligent, are liable for the damage to the Plaintiffs. The length of time Defendants are parked in violation of a Statute, is immaterial, if there was a reasonably sufficient time for them to comply therewith."

Whether appellees' trucks were stopped as alleged, was issuable. Under the

facts, it was proper for the court to instruct the jury as to the duty imposed by statute upon drivers of motor vehicles of the class involved in case of breakdown or stoppage upon the paved portion of the highway. But the instruction given does not fully inform the jury as to such duties. It does not advise the jury that signals shall be placed at least 100 feet in front of and to the rear of disabled vehicles. Nor does it advise the jury that the distance is left to the discretion of the driver whenever the vehicle is stopped in any manner where the distance of 100 feet is not ample warning. At another hearing and if such an instruction is warranted, Ch. 63, Laws 1947, amending § 68–728, which apparently went unnoticed at the trial, should be the basis of the court's instruction in this regard.

The court fell into error in giving an instruction, which reads:

"17. An applicable rule of law is that where an automobile or other instrumentality causing injury or damage is under the management of the plaintiff, and the accident is such as in the ordinary course of things doesn't happen if the person in control exercises due care, an inference arises, in the absence of explanation by the plaintiff, that the accident arose from want of such due care. If you believe the evidence with respect to due care, this inference of course disappears, but if you do not believe the evidence introduced to show due care, then the inference of negligence would control and you would be justified in reaching a verdict for the defendant."

The instruction is simply explanatory of the doctrine res ipsa loquitur and is inapplicable except in cases where no proof is required beyond the accident itself which is such as to necessarily involve negligence. In such case an inference of negligence arises. But where there is no want of evidence as to the cause of the accident and the manner in which it occurred, a situation is not presented for its application. Hepp v. Quickel Auto & Supply Co., 37 N. M. 525, 25 P.2d 197; Gonzalez v. Nichols, 110 Cal.App. 738, 294 P. 758; Southern Kansas Greyhound Lines v. Hicks, 184 Okl. 581, 89 P.2d 278. Also see Todd v. Missouri Pac. Ry. Co., 126 Mo.App. 684, 105 S.W. 671; and 61 C.J.S., Motor Vehicles, § 511 (3) (b). It is also well settled that an inference of negligence on the part of a driver cannot be drawn from the mere skidding of an automobile upon icy pavement. McCracken v. Curwensville Borough, 309 Pa. 98, 163 A. 217, 86 A.L.R. 1379; Linden v. Miller, 172 Wis. 20, 177 N.W. 909, 12 A.L.R. 665; Martin v. Holway, 126 Conn. 700, 14 A.2d 38; Mitchell v. Melts, 220 N.C. 793, 18 S.E.2d 406; Osborne v. Charbneau, 148 Wash. 359, 268 P. 884, 64 A.L.R. 251; Barret v. Caddo Transfer & Warehouse Co., 165 La. 1075, 116 So. 563, 58 A.L.R. 261;

Lambert v. Eastern Mass. St. Ry. Co., 240 Mass. 495, 134 N.E. 340, 22 A.L.R. 1291.

In Linden v. Miller, supra, holding the res ipsa loquitur doctrine inapplicable, it was said:

"In order to make the doctrine of res ipsa loquitur apply, it must be held that skidding itself implies negligence. This it does not do. It is a well-known physical ·fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there."

The rule is aptly stated at 5 Am.Jur. (Automobiles) § 273, as follows:

"Skidding, at least on a slippery pavement, is not necessarily due to negligence. The mere fact, therefore, that an automobile skids does not, of itself, constitute evidence of negligence upon the driver's part so as to render the doctrine of res ipsa loquitur applicable. Such skidding is not an occurrence of such uncommon or unusual character that, unexplained, it furnishes evidence of the driver's negligence.

"The inquiry in cases of skidding is as to the driver's conduct previous to such skidding. * * *"

The judgment will be reversed and the cause remanded with direction to the trial court to set aside its judgment and award a new trial as against all defendants, except Magnolia Petroleum Company, and It Is So Ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.