521 P.2d 649

George CIESIELSKI, Plaintiff-Appellant,

v.

Jack WATERMAN, a partner, d/b/a the Tucumcari Ice Company, a partnership, Defendant-Appellee.

No. 1166.

Court of Appeals of New Mexico.

March 13, 1974.

Certiorari Granted April 19, 1974.

Thomas D. Schall, Bradford H. Zeikus, Albuquerque, for plaintiff-appellant.

Michael P. Watkins, Oldaker & Oldaker, Albuquerque, for defendant-appellee.

## OPINION

LOPEZ, Judge.

The plaintiff is a truck driver whose route is from Albuquerque, New Mexico, to Amarillo, Texas. The defendant maintains a warehouse along that route at Tucumcari, New Mexico. Plaintiff's load included a crate containing an 800 pound automobile motor and transmission, which he was to deliver at the defendant's loading dock. While engaged in unloading the crate with the defendant's employee, Hill, plaintiff fell from the loading dock to the ground.

Plaintiff sued defendant alleging that Hill's negligence proximately caused the fall. The issue was submitted to the jury on a general negligence theory and a verdict was returned for the defendant. Plaintiff argues that the judgment against him should be reversed because the trial court erroneously refused to instruct the jury upon the doctrine of *res ipsa loquitur*.

■ We resolve all factual conflicts and indulge all reasonable inferences in plaintiff's favor, in determining whether there is substantial evidence to justify an instruction upon plaintiff's theory of the case. See Rogers v. Thomas, 81 N.M 723, 472 P.2d 986 (Ct.App.1970); Harless v. Ewing, 81 N.M. 541, 469 P.2d 520 (Ct.App.1970). The facts can be summarized as follows: Plaintiff backed his trailer up to defendant's loading dock. The crate to be delivered was resting upon another crate and was, therefore, about three feet above the dock. Plaintiff told Hill that he would continue to Amarillo where a forklift was available. Both crates could then be easily removed and the one to be delivered to the defendant could be replaced on the bed of plaintiff's trailer. It could then be delivered upon his return trip thus avoiding the necessity of lowering it to the dock from a distance of three feet. Hill had off-loaded much heavier freight and told plaintiff: "Well, we can get it off very easy." Hill also told plaintiff of a method by which they could remove the crate from the truck without a forklift.

Hill directed plaintiff to bring a prying instrument variously described as a "Johnson Bar" or a "mule" to the truck. He then showed plaintiff where to place the instrument in order to raise the upper crate. He then inserted some two by eight pieces of lumber in the space created between the two crates. The plan was to slide the crate down the plane created by the pieces of lumber, described as "skids."

Plaintiff testified that once the skids were inserted, Hill directed him to get into the trailer and push the crate from the rear (that end of the crate farthest from the loading dock). Hill pryed on the crate with a pipe or crowbar and maneuvered the crate onto the skids where it assumed an inclining but static position. Both men then assumed positions on either side of the crate. Just as plaintiff arrived at the position to which he had been directed by Hill and as he was awaiting further direction, the crate inexplicably moved, pushing him off the loading dock and onto the ground, causing the injuries complained of.

■■ Before we reach the merits, we must resolve two matters relating essentially to the pleadings. Plaintiff did not specifically plead *res ipsa loquitur*. His request to amend his complaint to include that theory was denied by the trial court.

Before a party is entitled to an instruction upon his theory of the case, that theory must be pleaded or tried with implied consent. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967); Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961). The complaint combines general allegations of negligence with allegations that the defendant's employee was in control of the injury-producing instrumentality. This is sufficient. Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102 (1956).

The defendant argues that where plaintiff pleads and attempts to prove specific acts of negligence, he is limited to the inferences which might arise from his proof and is not entitled to rely on the doctrine of *res ipsa loquitur*. The doctrine only applies in those cases, if at all, where there is a lack of evidence as to the cause of the accident and the manner in which it occurred. See Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983 (1954). It is the character of the accident and not the fact of the accident that determines whether the doctrine is applicable. Harless v. Ewing, supra. Here the exact cause of the crate's movement was never determined. There was, however, evidence introduced of an accident which ordinarily does not occur in the absence of negligence by the person having control.

The second element of *res ipsa loquitur* was set out by the court in Renfro v. J. D. Coggins Co., 71 N.M 310, 378 P.2d 130 (1963), as follows:

"  .  .  .   that it [the accident] must be caused by an agency or instrumentality within the exclusive control and management of defendant   .  .  .   [Citations Omitted]." See also U.J.I. 12.14.

The major issue on appeal is whether, as a matter of law, the plaintiff exercised partial control over the instrumentality, thus divesting the defendant of exclusive control.

Defendant draws our attention to three basic facts which allegedly justified the trial court in refusing to instruct upon *res ipsa loquitur*. The first is the undisputed fact of plaintiff's contractual right of control over the unloading operation. We think the evidence could justify the jury in finding that any control exercised by plaintiff was superseded by Hill's assumption of control over the operation. In so concluding, we look to the realities of the situation. See Chevron Oil Company v. Sutton, 85 N.M. 679, 515 P.2d 1283 (1973).

Hill persuaded plaintiff not to continue his journey without unloading the crate. He indicated that he could remove an even heavier load with ease. He set up the apparatus and any aid given by the plaintiff was solely pursuant to Hill's direction. Hill was the person who had been engaged in similar operations since his youth. Plaintiff had only seen such an operation carried out " .  .  .   six or seven times. .  .  ." He had never helped remove a crate as heavy as the one in question from as high as three feet by the method Hill employed. When plaintiff did aid in off-loading heavy objects, it was always under supervision and never under his direction and management. We feel that the above facts are sufficient to make out a jury question.

The second fact alluded to by defendant as indicating partial control is plaintiff's aid in erecting the apparatus and in positioning the crate thereon. The cases indicate, however, that where the defendant is directing and managing the construction and use of an instrumentality, the jury may find him to be in exclusive control despite the incidental aid of the plaintiff. See Vogt v. Hotard, 144 So.2d 714 (La.App.1962); Parlow v. Carson-Union-May-Stern Company, 310 S.W.2d 877 (Mo.1958); Powell v. Moore, 228 Or. 255, 364 P.2d 1094 (1961).

In Vogt v. Hotard, supra, the defendant wanted to fell a tree. He attached ropes to his car and the tree. Both the plaintiff and the defendant partially severed the tree trunk with an axe. The defendant got in his car and began to move it forward. The tree fell upon the plaintiff, who was supposed to sever the rope with

the axe thus releasing the car. The court, in holding *res ipsa loquitur* applicable despite the plaintiff's participation, relied primarily on the fact that the defendant, ". . . engineered and executed every step of the operations . . . ."

In Powell v. Moore, supra, the facts were quite similar to those in the case at bar. The defendant owned a moving van and dispatched a driver to move plaintiff's household furnishings. The plaintiff was injured in a fall from the loading ramp of the truck when it slipped while he was walking down it. Plaintiff, his son and the driver had placed the ramp in position from the bed of the truck down to plaintiff's porch to facilitate loading. Despite this participation by plaintiff and the fact that the plaintiff agreed beforehand to assist in the operation, the court stated:

". . . The evidence leaves no doubt that the driver was in charge of the moving operation including the adjustment of the ramp on the truck and porch . . . ."

Based upon this evidence, the court held:

". . . [T]he evidence . . . [is] sufficient to show that both inspection and use of the ramp were in the control of defendant's servant and also that the probability that defendant's conduct was the cause of the fall is greater than the probability that the fall resulted from the negligence of another, including plaintiff. . . ."

The probabilities here are similar. The plaintiff introduced substantial evidence indicating that he acted normally, with due care and according to Hill's instructions. With respect to the elimination of the plaintiff as a contributing cause, the court in *Powell* stated:

"' . . . The plaintiff is seldom entirely static, and it is not necessary that he be completely inactive, but merely that there be evidence removing the inference of his own responsibility.' [quoting Prosser, Torts (2d ed. 1955) 199]. The thought is expressed more

explicitly, with respect to cases such as the one at bar, in the footnote where it is said that '[t]his is true particularly where the plaintiff has done nothing abnormal, and has only used a thing for the purposes for which it was intended.' . . . [Citations Omitted]. And even where there is some evidence that plaintiff's failure to exercise care in the use of defendant's equipment was a contributing cause producing the injury, the doctrine is not excluded as a matter of law; rather the case is to be submitted to the jury with proper instructions . . . [Citations Omitted.]."

The jury would not have been allowed to speculate, as defendant contends, between the possible negligence of both plaintiff and Hill had the *res ipsa loquitur* theory been submitted. They could have believed plaintiff's testimony eliminating himself as a producing cause. See also Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416 (1947).

The third fact is the physical contact of defendant's hands and the crate immediately prior to the accident. The plaintiff testified that he had merely placed his fingertips upon the crate and was in no position to control it. The mere touching of the instrumentality by someone other than the defendant is not enough to warrant the refusal of a *res ipsa loquitur* instruction. Avis Rent-A-Car System, Inc. v. Standard Meat Co., 288 A.2d 243 (D.C.App.1972); Uberti v. District of Columbia, 215 A.2d 766 (D.C.App.1966).

Finally, defendant argues that plaintiff's evidence affirmatively shows that plaintiff was in a better position to know what caused the accident than defendant or his employee. The defendant's superior knowledge has never been an element of *res ipsa loquitur* in New Mexico.

Since plaintiff produced substantial evidence on each of the elements of the doctrine of *res ipsa loquitur*, he was entitled to proper instructions thereon. Ac-

cordingly, the judgment is reversed and the cause remanded for a new trial consistent with this opinion.

It is so ordered.

HENDLEY, J., concurs.

HERNANDEZ, J., dissenting.

HERNANDEZ, Judge (dissenting).

I respectfully dissent for the following reasons: For the doctrine of res ipsa loquitur to apply two elements must be present: "(1) that the accident be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) that it must be caused by an agency or instrumentality within the exclusive control and management of defendant." Renfro v. J. D. Coggins Company, supra. I do not believe that either of these elements are present in this situation.

After the two men maneuvered the crate onto the skids and assumed positions on either side of the crate the plaintiff testified that the crate inexplicably moved pushing him off the loading dock. Mr. Hill testified that after the crate had moved about 2½ feet he "felt a surge" and the crate turned and that he threw his shoulder against it to keep it on the skids. The crate did not fall off of the skids and ended up on the loading dock.

Plaintiff alleged in his complaint that it was "either through the negligent and inadequate preparation made for off-loading by Hill, or by Hill's negligent release of the crate, the crate and motor got out of control, and knocked plaintiff from the Defendant's dock."

It is possible that the crate turned because the plaintiff did not push to keep it straight. Or it may have turned because one part of the skids was smoother or more slippery than another. He testified that he had just reached up and had his finger tips on the crate when it started to move. He also said that he had done "no pushing at all". He may have become momentarily frightened and forgot to push. There was no evidence that Mr. Hill had released the crate. As to the preparations that had been made for offloading, it is true that it was Mr. Hill's plan or method that was used. However, the plaintiff was a veteran of 35 years experience as a truck driver with considerable experience in unloading freight. He did not express any fears or apprehensions that this was an unsafe way to unload the crate. Furthermore, the crate did not fall off of the skids. It slid down as planned and ended up on the dock. There was no evidence that this was an unsafe method. Mr. Hill testified that this was a method he had used many times over many years and had never had an accident. The plaintiff acknowledged that he had seen it used.

It is the probability of negligence of the defendant that is the rationale for the doctrine of res ipsa loquitur. In other words, the doctrine is only applicable when negligence on the part of the defendant is the only reasonable inference that can be drawn from the circumstances, although it is not capable of direct proof. The doctrine is not applicable where it is equally possible to infer that the accident occurred due to fault for which the defendant is not liable.

It is important to keep in mind that it was the plaintiff's responsibility to unload the crate and that Mr. Hill was trying to help him and that one had as much physical control over the crate as the other. This accident could have occurred because the plaintiff failed to push to keep the crate from turning or because one plank which formed the skids was smoother than another. It is my opinion that the trial court did not err in refusing to instruct on the doctrine of res ipsa loquitur.