Towle *v.* Phillips.

(*Jackson*, April Term, 1943.)

Opinion filed May 29, 1943.

122

Fowler & Fowler, of Knoxville, for plaintiff in error.

Howard H. Baker, of Huntsville, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by the widow of William C. Towle to recover damages for his death alleged to have been caused by negligence of George T. Webb, also deceased. The two men were riding in an airplane owned

by Webb and operated by him, and the plane fell and killed them both. It is charged that the plane's fall was caused by negligent handling thereof by Webb. There was a verdict and judgment for defendant below. The Court of Appeals reversed and remanded for errors in the charge. Both parties have filed petitions for *certiorari*. Both petitions were granted.

The accident occurred April 29, 1941. Webb had a pilot's license and some experience in owning and operating airplanes. He had just bought a new plane which was delivered to him in Knoxville and he flew it over from that city to Glen Mary, in Scott County, in which county he resided. After landing at a field near Glen Mary, where some of his friends were, Webb took two or three of them up in the plane for a ride. The first two trips were safely made and uneventful. He asked Towle to go with him on the third trip. The plane seemed to have gotten up safely and, after flying off for a short distance, returned and circled around the field at a rather low altitude. The witnesses vary as to the altitude, and all of them admit that they are guessing at it.

Five witnesses testified in the record for the plaintiff and the substance of the evidence is that after circling the field at this low altitude the plane seemed to go straight up, then stalled, dipped or tilted slightly to one side, and fell straight to the ground. All the witnesses say that the engines were running at considerable speed when the plane hit the ground. Both the occupants appear to have been instantly killed and their bodies were pulled from the wreckage.

The declaration contains two counts. The first count contains the following allegations of negligence on the part of Webb:

1. That he drove the airplane vertically too near the ground.

2. That he was performing stunts and acrobatics which he should not have done at all while plaintiff's intestate was a passenger.

3. That he was attempting to perform acrobatics and stunts at an altitude entirely too low.

4. That intending to perform acrobatics and stunts, he failed to provide plaintiff's intestate with a parachute.

The second count of the declaration contains a general charge of negligent operation without going into any details or specifications.

We assume that the second count of the declaration was so framed on the theory that the doctrine of *res ipsa loquitur* would apply to this case. It is urged by counsel that it does so apply. The trial judge and the Court of Appeals ruled to the contrary and we think they were right.

One essential for the application of *res ipsa loquitur* is that the instrumentality or thing which caused the accident must have been under the sole control, the exclusive management, of the defendant. Such was not the case here. This airplane had dual controls, one before each seat, and it could be operated with either set of controls. It is not shown that the controls in front of the passenger were disconnected. So it is plain that the course of the machine might have been directed by Towle as well as by Webb. Webb did not have exclusive control and the rule relied on is not to be invoked against him.

We are referred to some cases (none by courts of last resort) involving airplane accidents in which, under particular circumstances, the doctrine of *res ipsa loquitur*

has been applied.   There was no divided control of the airplane, however, in any of these cases.   Moreover, we are much impressed, by an observation of the Supreme Judicial Court of Massachusetts to the effect that we are not as yet in respect to the care and operation of aircraft in a position where the doctrine of cases dealing with stagecoaches or trolley cars or steam railways can be applied.   The Court said:

"The decision of cases of that nature rests upon facts constituting a part of a widespread fund of information." *Wilson* v. *Colonial Air Transport, Inc.*, 278 Mass., 420, 180 N. E., 212, 214, 83 A. L. R., 329.

Likewise in *Rochester Gas & E. Corp.* v. *Dunlop*, 148 Misc., 849, 266 N. Y. S., 469, the Court agreed that in the present state of aircraft development the doctrine of *res ipsa loquitur* could not be applied to the fall of an airplane when it was common knowledge that it fell from causes over which the pilot had no control.

The Court of Appeals expressed similar views in *Boulineaux* v. *Knoxville*, 20 Tenn. App., 404, 99 S. W. (2d), 557.

Passing to the specifications of negligence set out in the plaintiff's declaration, we observe that they all are based on the proposition that Webb was attempting acrobatics or stunts when the airplane made the vertical climb.   There is no evidence that Webb was attempting anything of the kind unless such an inference can be drawn from the climb itself.   The evidence is clear that such a climb at a low altitude is dangerous.   The engine will stall if the climb is too steep and considerable altitude is required to enable the operator to recover control.

As heretofore stated, Webb had taken two other friends

for a ride before he took Towle. He attempted no acrobatics or stunts on these flights, manifested no disposition to show off his airplane. When circling back over the field at a low altitude, it is possible that he intended to land. According to the witness Schubert, who was taken for the first ride, Webb covered the same route with him that he had covered with Towle when he came back over the airfield. When he came back with Schubert, Webb landed. When he came back with Towle, the plane made this vertical climb.

█ No doubt the vertical climb was the proximate cause of the crash. On the record before us it may have been caused by Webb's handling of the controls available to him, or by Towle's handling of the controls available to him, or it may have been caused by something not explained, for which neither man was responsible. It would be a guess to say that Webb's negligence was the responsible agency.

█ Complaint is made about the exclusion below of testimony offered by an expert witness to the effect that it was not customary to allow a passenger to ride in an airplane such as this with dual controls unless the set of controls accessible to the passenger was disconnected. We think this evidence was properly excluded because no such ground of negligence was contained in the declaration.

█ It is assigned for error that the Court of Appeals refused to take judicial notice of certain rules of the Federal Civil Aeronautics Board. These rules relate to acrobatics and from what we have said are not applicable to this case.

There are several criticisms of the charge which need not be considered, because in our view of the case the trial judge should have directed a verdict in favor of the defendant. We find no sufficient evidence to warrant a finding that this accident was due to Webb's negligence and defendant's motion for a directed verdict is accordingly sustained and the suit dismissed.