No. 39,208

In the Matter of the Estate of Wilmer L. Rivers, Deceased. (OSCAR MORITZ, doing business as MORITZ FLYING SERVICE, Petitioner, *Appellant,* v. CAROLYN J. RIVERS, As Executrix of the Estate of Wilmer L. Rivers, Deceased, *Appellees.*)

(267 P. 2d 506)

Opinion filed March 6, 1954.

*Ralph H. Noah,* of Beloit, argued the cause and *Jesse I. Linder,* of Sharon Springs, and *Don W. Noah,* of Beloit, were with him on the briefs for the appellant.

*Max Jones,* of Goodland, argued the cause and *James E. Taylor,* of Sharon Springs, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a claim filed in probate court by the owner of two airplanes for the recovery of their value from the estate of the deceased, who claimant alleged negligently flew the plane he was piloting, so that it collided with another plane, also the property of plaintiff, destroying them both. Judgment was entered for defendant sustaining a demurrer to the evidence of claimant. Claimant has appealed.

The claim was originally filed in probate court and transferred to the district court. There a third amended petition was filed. It

alleged plaintiff had been the owner and operator of the Moritz Flying Service; that he filed his claim in the probate court wherein he claimed from the estate of Wilmer L. Rivers the sum of $12,020 by reason of the alleged negligence of Rivers in his lifetime and that the claim had been transferred to the district court by virtue of a stipulation; that on April 30, 1950, plaintiff was in the business of instructing veterans under the G. I. Bill of Rights for flight training and included in these was Roland Orn Scott, Jr., and Wilmer L. Rivers, deceased; that on the above date Rivers had a pilot's license issued by the Civil Aeronautics Board of Washington, D. C.; that in securing such license he was compelled to be cognizant of the rules and regulations of the board; a copy of these rules was attached; that Rivers entered into a contract with plaintiff, whereby each had permission to use the other's plane without charge, except for the cost of fuel, except that on training flights Rivers was to check in for instructions; that Rivers did on April 30, 1950, remove plaintiff's plane, one Aeronca plane, License No. N 1086 H, and proceeded to fly it for his own pleasure; that Rivers had a pilot's license and was enrolled with plaintiff to obtain a commercial pilot's license. The petition then alleged that when Rivers flew plaintiff's plane he was permitted to log such flights and on such flights he was not given credit toward his license; that on April 30, 1950, Rivers was flying unlogged time and was not operating the plane under the regulations of the veterans administration. The petition further alleged that at the time of the collision to be described, Roland Orn Scott, Jr., had a student's pilot license to operate airplanes under the direction of plaintiff and was on a regularly scheduled flight under his veteran flight training contract with plaintiff; that Rivers knew Scott was an inexperienced pilot; at approximately 10 a. m. the morning of April 30, 1950, Scott was flying the plane Aeronca No. 2427 E while Rivers was flying Aeronca plane No. N 1086 H in the same general neighborhood; that Rivers was flying in a reckless, careless and negligent manner in that he was flying below 500 feet of the ground, making improper turns and at the time of colliding with the plane operated by Scott was making a left-hand turn in the immediate vicinity of the plane being operated by a novice pilot and coming from underneath up toward such pilot in a position where the operator of the other plane could not observe him in time to avoid the collision and by such negligence caused a collision between the two planes and caused both planes

to crash to the ground and burn and kill all the occupants of both planes; that Rivers was negligent in that he failed to keep a vigilant lookout, failed to clear his position before starting any maneuver, flew too close to another plane, particularly the plane being flown by Scott, flew less than 500 feet above the ground, made a blind approach upon the plane being operated by Scott; that just prior to the collision one plane was worth $4,800 and the other $2,240, and by the collision both were demolished, having a salvage value of $5.

Judgment was prayed in the amount of $7,040.

The second amended answer of the executrix admitted that plaintiff was the owner of the two planes in question and that the copy attached was a true copy of the Civil Air Traffic Rules and they were in force; that Scott and Rivers were enrolled as G. I. students with Moritz and Rivers was a licensed pilot.

The answer alleged that the executrix did not know about the agreement pleaded between Rivers and Moritz but that if there was such an agreement it was for the mutual benefit of each other and each assumed a risk of loss of planes when used by each other or that each should be liable only for accidents of wanton and gross negligence; that Rivers was at the time on a flight under his enrollment as a student, for which plaintiff was to receive compensation; that plaintiff assumed in the operation of his school the risk of loss of such airplanes from use by students in training; that the loss of these planes was the result of an unavoidable accident, for which no recovery should be had. The answer then contained a general denial.

The reply was a general denial.

At the close of the evidence the defendant demurred to it on the ground that plaintiff had failed to establish who was flying the plane in which Rivers was a passenger and to establish any negligence on the part of Rivers or the negligence alleged in the petition and failed to prove the contract pleaded.

This demurrer was sustained.

The plaintiff filed a motion for a new trial on the ground of abuse of discretion of the court; erroneous rulings and that the decision was in whole or in part contrary to the evidence. This motion was overruled.

The plaintiff appealed from the order sustaining defendant's demurrer to the evidence and from the order overruling his motion for a new trial.

The specifications of error are that the court erred in the rejection of testimony; in sustaining defendant's demurrer to the evidence; and in overruling plaintiff's motion for a new trial.

During the presentation of his case plaintiff offered evidence to prove negligent flying of Rivers on specific occasions and his general reputation as a negligent pilot. He also offered in evidence a printed record of the investigation and findings of the Civil Aeronautics Board and the adoption of the report by the board; objection to the introduction of all three offers was sustained by the trial court; such ruling was assigned as error by plaintiff.

It will be noted in this tragedy three men were killed and two airplanes destroyed. The planes were both the property of Moritz, plaintiff. Scott, a student of Moritz, was flying by himself in one plane. Rivers also a student and one Rawson were in the other plane. Rivers, as well as the other two, were killed in the collision. Moritz contends the collision was caused by the negligence of Rivers. Hence this claim against his estate.

At the outset, we point out the rule in consideration of a demurrer to the evidence. We must accept the evidence of plaintiff as true and indulge all inferences and presumptions in favor of plaintiff. We also recognize the rule that negligence like any other in a lawsuit may be established by circumstantial evidence. Plaintiff urges and relies on that rule here. The trouble is there is a rule that, as we have said in *In re Estate of Hayden,* 174 Kan. 140, 254 P. 2d 813, in quoting from *Snyder v. McDowell,* 166 Kan. 624, 203 P. 2d 225, it is said:

". . . The circumstances relied on must be of such nature and so related one to the other that the only reasonable conclusion to be drawn is the theory sought to be established; that a fact is not proven by circumstances merely consistent with its existence, and that a finding of negligence must be established by competent proof and cannot rest on mere conjecture."

Stated briefly, the issue in this action was first the negligence which caused the collision and second who was guilty of it. Stated another way—Was the collision caused by the negligence of one who was flying the Rivers plane; and second was Rivers flying it? The burden of proof is a difficult one in cases involving airplanes. The Rivers plane was operated by what is called in flying parlance "dual controls," that is, where two men sit side by side in the plane and the mechanism is so arranged that either one could be the pilot at any given moment. There was substantial evidence that this plane had dual controls and could be flown from either the right or

left side. There was a bit of evidence on this question as follows:

"Q. An experienced pilot could always take over control? A. Oh, yes.

"Q. Could he cut off the control of the other pilot? A. If he was giving him trouble, there was a fire extinguisher—that was the nearest thing we always had.

"Q. You could conk him? A. Yes.

"Q. There was no mechanical device there for the purpose of releasing the other side? A. No."

In this case there was substantial evidence that Rivers was in the left-hand seat when the plane took off. There was also substantial evidence that when the plane reached the ground Rivers' body was on the left-hand side and Rawson's body on the right. On account of the dual control feature just mentioned, however, these two facts constituted no evidence whatever of who was flying the plane when the collision occurred.

Plaintiff meets the above by pointing out that Rivers was an experienced pilot while Rawson was an inexperienced young man without a license. In this connection he points out that the Rivers plane executed what counsel refers to as acrobatics just before the collision. In counsel's words: "To believe that a jury after hearing this evidence could have reached any other conclusion than that the experienced notoriously reckless pilot was flying this plane would be to impugn the integrity and intelligence of the jury." There are two things wrong with this statement. In the first place, Rawson was not entirely without experience. There was substantial evidence in the record that he had flown and had expressed a desire to fly and in the second place, the evidence upon which plaintiff relied to prove Rivers was a notoriously reckless pilot was not admitted. The learned district judge in whose court this action was tried in his summary of the evidence stated:

"I think any finding of the jury as to liability against the defendant in this case would be based on mere speculation, surmise and conjecture. It would have to be because no one knows the facts which actually happened, whether Rawson was given the controls and was trying to fly, or whether he suddenly grabbed the controls as was done in the LeTourneau case or just what did happen."

But little may be added to the above summary. The court did not err in sustaining the demurrer to the evidence.

Plaintiff offered evidence on three points which was rejected by the trial court. The correctness of those rulings must be considered by us since plaintiff contends that had such evidence been admitted it would have gone a long way toward supplying needed proof.

The first and second of these was evidence offered whereby the witnesses were asked to describe an occasion when Rivers flew in a reckless manner. Specific instances of reckless flying or reckless driving are not admissible to prove the general reputation of the flyer or driver. (See *Theno v. Cuthbertson,* 140 Kan. 233, 36 P. 2d 79, also *In re Estate of Hill,* 202 Iowa 1038, 208 N. W. 334.)

Plaintiff offered the report of the Civil Aeronautics Board accident investigation report. This was the report of a board appointed under civil air regulation, which investigated this tragedy. Plaintiff offers no authorities to the effect that this report was competent evidence. There are no such authorities. The report as far as this action was concerned was hearsay and inadmissible.

The judgment of the trial court is affirmed.