Herman Floyd WILLIAMS, Bettie J. Williams, et al., Appellants,

v.

UNITED STATES of America, Appellee.

Alma G. SEGERS and W. C. Segers, Appellants,

v.

UNITED STATES of America, Appellee.

No. 14912.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1955.

Rehearing Denied Feb. 28, 1955.

---

474

Ben F. Barnes, John H. Carter, Jr., Marianna, Fla., for appellants.

Morton Hollander, Atty., Dept. of Justice, Washington, D. C., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Warren E. Burger, Asst. Atty.

Gen., Dept. of Justice, Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., George H. Carswell, U. S. Atty., Irwinton, Ga., Herman Marcuse, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

On July 22, 1952, a United States Air Force B–47 Strato-Jet Bomber being operated by Air Force personnel caught fire and exploded in mid-air over Marianna, Florida. There were no survivors from the airplane. The injuries and damages sustained by plaintiffs, of which they complain in these two suits,[1] were caused by the falling of flaming fuel from the exploded airplane. Plaintiffs, relying solely upon the doctrine of res ipsa loquitur to sustain their burden of showing negligence on the part of the government, introduced evidence showing only the facts we have related, and rested. Thereupon, counsel for the government stated in his place that because the national security might be imperiled thereby, no witnesses would be called on behalf of the government.

The trial court, in the absence of any direct evidence to that effect, found that the B–47 was operating out of McDill Air Force Base, near Tampa, Florida, and took judicial notice of the fact that McDill Field is devoted exclusively to the use of the Air Force and that technical and experimental work is continuously carried on there. It held that activity in an experimental way is a "cabinet level decision" and that the statement of government counsel was sufficient to convince the court that it should "classify this as a type of governmental function within the scope of 28 U.S.C. § 2680(a), relating to discretionary functions." In its memorandum opinion,[2] the court recognized plaintiffs' reliance upon the res ipsa loquitur doctrine, but did not reach the question

---

1. The two suits were instituted under the Federal Tort Claims Act and were consolidated for trial and for this appeal.

2. Reported at 115 F.Supp. 386.

of the applicability of that doctrine under the facts disclosed by the evidence, since it ruled that the government has not consented to be sued in a situation such as this.

Plaintiffs contend that the court erred in taking judicial notice of the experimental nature of the flight and particularly in basing such notice upon the unsworn statement of government counsel. They insist that the negligence of which they complain was on the operational level and not on the level of planning or discretion. Finally, they assert that the doctrine of res ipsa loquitur is applicable to airplane accidents such as the one we have described and that the court erred in not invoking that doctrine and in entering judgment for the government.

Although the government attempts to support the vulnerable action of the court in overextending its judicial notice, it defends the judgment primarily from better fortified positions. It urges that under the facts disclosed by the record the decisional law of Florida, and that of a majority of the other jurisdictions which have had occasion to rule on similar facts, does not authorize an inference of negligence to be drawn. It submits that even if the doctrine of res ipsa loquitur were applicable to accidents to, or caused by, conventional aircraft, since jet aviation is an innovation and not yet fully developed, there is no uniformity of experience which would permit a legal inference of negligence to arise. The further arguments are made that the United States is not liable under the theory of "extra-hazardous activity" or as a trespasser.[3]

■■■ We agree with plaintiffs that the trial court exceeded permissible lim-

its in taking judicial notice of the specific nature of the work being carried on at McDill Field and of the mission of the B–47 on the fatal date. In taking notice of these facts, the court relied upon *"its own knowledge"* rather than upon common or general knowledge prevailing within the jurisdiction of the court. Even if the court were warranted in taking judicial notice of the specific activities being conducted at the Air Force Base, this would not justify the inference that the particular flight in question was an experimental one and, thus, that the accident was a natural result of the performance of a discretionary function. However, this does not mean that we must reverse the judgment below, for we find that it is supported on other grounds.

■ The doctrine of res ipsa loquitur is a rule of circumstantial evidence which permits the inference of negligence to be drawn from the occurrence of an accident upon proof of certain facts. Generally stated, the doctrine is that, in the absence of an explanation by the defendant when a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have its management use proper care, a sufficient basis is afforded for a finding and conclusion that the accident arose from want of care. American Dist. Electric Protective Co. v. Seaboard Air Line R. Co., 129 Fla. 518, 177 So. 294. While there are no reported decisions of the courts of Florida ruling upon the applicability of this rule to accidents involving aircraft, there are numerous authorities from other jurisdictions.[4] These decisions

---

**3.** It is not necessary to this opinion for us to decide whether the government would be liable under either of those theories, since neither of them is urged as ground for recovery. Likewise, it is not necessary for us to decide whether the accident was the natural result of the performance of a discretionary function, i. e., the decision to engage in experimental activity with jet aircraft over populated

areas, in the absence of evidence showing that such was a discretionary matter or that the flight was in fact experimental. Suffice it to say that the unsworn statement of government counsel does not in any event supply this deficit.

**4.** See cases collected at 6 Am.Jur. 44, Aviation, Sec. 77; Chapman v. U. S., 5 Cir., 194 F.2d 974; Cohn v. United Air Lines

476

disclose a decided and irreconcilable conflict of opinion. The cases in which the doctrine has been rejected usually fall into one of three classes: those holding that the evidence fails to show that the airplane was in the exclusive control of the defendant; those holding that it is not an unusual occurrence for an airplane to crash without the intervention of a human agency, and those holding that experience is not sufficiently uniform to justify a presumption that such accidents do not happen in the absence of negligence. In short, these cases hold that one or another of the essential elements of the res ipsa loquitur doctrine is missing, depending upon the facts of the case.

In the final analysis, each case seeking to invoke this doctrine must stand or fall upon its own facts. Res ipsa loquitur is a rule based upon human experience and its application to a particular situation must necessarily vary with human experience. A situation to which the doctrine was not applicable a half century ago because of insufficient experience or lack of technical knowledge, might today fall within the scope of the rule, depending upon what experience has shown. The concept presupposes that the defendant, who had exclusive control of the thing causing the injury, has superior knowledge or means of information to that possessed by the plaintiff as to the cause of the accident. *It is not enough that the plaintiff show that the thing which injured him was in the exclusive control of the defendant, he must also show that the accident would not have occurred in the ordinary course of events if the defendant had exercised due care.* Oftentimes experience in the particular situation is so uniform and well-established that it is not necessary to prove this by extraneous evidence. However, such is not the case here. We have no knowledge, judicial or otherwise, of what would cause a jet airplane to explode in mid-air while in flight. In the absence, as here, of evidence showing that such an accident would not occur except for negligence, there is no basis for recovery. The trial court should have granted the government's motion for judgment on this ground.

The judgment was right, it is affirmed.

RUSSELL, Circuit Judge, sat during the argument of this case but, due to illness, he took no part in its decision.

Trans. Corp., D.C., 17 F.Supp. 865; Davies Flying Service, Inc., v. U. S., D.C., 114 F.Supp. 776; Deojay v. Lyford, 139 Me. 234, 29 A.2d 111; Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, 180 N.E. 212, 83 A.L.R. 329; Smith v. Whitley, 223 N.C. 534, 27 S.E.2d 442; Rennekamp v. Blair, 375 Pa. 620, 101 A.2d 669; Towle v. Phillips, 180 Tenn. 121, 172 S. W.2d 806; Boulineaux v. City of Knoxville, 20 Tenn.App. 404, 99 S.W.2d 557; Hall v. Payne, 189 Va. 140, 52 S.E.2d 76; Johnson v. Eastern Air Lines, 2 Cir., 177 F.2d 713; Lobel v. American Airlines, 2 Cir., 192 F.2d 217; D'Anna v. U. S., 4 Cir., 181 F.2d 335; and United States v. Kesinger, 10 Cir., 190 F.2d 529, among others.