THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES RUSSELL Dow, Respondent.— Order reversed on the law and matter remitted to the Special Term for further proceedings in accordance with the memorandum. Memorandum: In this *coram nobis* proceeding a question of fact was presented as to whether on an arraignment and plea in 1918, the defendant had been duly advised of his right to counsel. In a memorandum decision the learned Trial Justice stated: "From 1913, for a period of about ten years, as a newspaper reporter and otherwise, on innumerable occasions, this court observed the procedure usually followed by some courts sitting in the Erie County Hall upon arraignment of persons who had been indicted." The Trial Justice then decided the issue, "Based upon these observations, as well as upon the testimony and the condition of the records produced". There is also a statement of the Trial Justice in the record: "Back in 1914, 1915 and 1916, I remember those days very well as a newspaperman, I know how those things were done". There is nothing in the record to indicate what his knowledge was or how "those things were done" or who were the Judge or Justices included in the description of "some courts sitting in Erie County" mentioned in the memorandum. This consideration of facts outside of the record constituted reversible error. "There is a real distinction between a judge's personal knowledge as a private person and his knowledge as a judge. As a judge he may have to ignore what he knows as an individual observer. * * * It is sometimes difficult to distinguish between knowledge of a fact by observation and knowledge of a fact by notoriety, that is, by common knowledge, but the distinction is an important one, for in the former case a judge may not take judicial notice of the fact, whereas in the latter he may." (Richardson on Evidence [8th ed.], § 11, p. 6.) The knowledge upon which this Trial Justice based his determination, at least in part, comes within the former class. (See, also, 9 Wigmore **on Evidence**

[3d ed.], p. 540; *Gibson* v. *Van Glahn Hotel Co.*, 185 N. Y. S. 154; *Matter of Bommer*, 159 Misc. 511; *Leong Kim Wai* v. *Burnett*, 23 F. 2d 789, 791; *Williams* v. *United States*, 218 F. 2d 473, 475.) The order should be reversed and the matter remitted to Erie Special Term for a new trial before another Justice, so that, if called, the Justice who decided this matter will be free to testify. All concur. (Appeal from an order of Erie Special Term granting defendant's motion for a writ of error *coram nobis* vacating judgment of conviction entered November 14, 1918, and the sentence imposed thereon, and directing that defendant be produced for arraignment.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.