Betty Jean BECKER, as Administratrix on the Estate of Robert J. Becker, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Lockheed Aircraft Corporation and Kollsman Instrument Corporation, Defendants.

Lucy W. COZIER, as Executrix named in the Last Will and Testament of Philip H. Cozier, deceased, and Lucy W. Cozier, as Administratrix on the Estate of Steven P. Cozier, deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation, and Lockheed Aircraft Corporation, Defendants.

Helen M. HOWLETT, Administratrix of the goods, chattels and credits of Charles A. Howlett, deceased, and Jeanne E. Strecker, as Executrix of the Last Will and Testament of Charles E. Strecker, deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

G. Sargent JANES, as Executor of the Estate of Warham W. Janes, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Company, Inc., and Lockheed Aircraft Corporation, Defendants.

Lars E. JANSON, as Administrator of the Estate of Robert W. Conrad, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

Evelyn E. ZAHN, as Administratrix of the Goods, Chattels, and Credits which were of John D. Zahn, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Company, Inc., and Lockheed Aircraft Corporation, Defendants.

United States District Court
S. D. New York.

Dec. 28, 1961.

See also 200 F.Supp. 243.

10. Pellegrino v. Wright, CCH 1952–1956 Fed.Sec.L.Rep. Par. 90602 (D.Md. Sept. 18, 1952); cf. Mills v. Sarjem Corp., D.C., 133 F.Supp. 753.

Casey, Lane & Mittendorf, New York City, for plaintiff Becker.

Gair & Gair, New York City, for plaintiffs Cozier, Howlett, Strecker and Janson.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, for plaintiffs Janes and Zahn.

Bigham, Englar, Jones & Houston, New York City, for defendant American Airlines, Inc.

Arthur Richenthal, New York City, for defendant Kollsman Instrument Corporation.

Mendes & Mount, New York City, for defendant Lockheed Aircraft Corporation.

SUGARMAN, District Judge.

■ Despite an early tendency to deny *res ipsa loquitur* to plaintiffs in passenger-for-hire negligence cases against common carriers by airplane or to hold the doctrine abandoned by a plaintiff showing specific acts of defendant's negligence [1] the *res ipsa loquitur* doctrine is now firmly accepted in New York and not lost by plaintiff's attempt to show the possible causes of an airplane accident.[2]

The current tendency to allow plaintiffs the benefit of the rule in this type of cases acknowledges that experience in aviation generally is sufficiently uniform to justify the inference that such accidents do not occur in the absence of negligence.

■ The trial briefs of the parties herein seem to agree that the Electra airplane which crashed on February 3, 1959 was delivered to defendant American Airlines, Inc. (American) by defendant Lockheed Aircraft Corporation (Lockheed) on November 26, 1958 and had its inaugural commercial flight on January 23, 1959—eleven days before it crashed. However, the plane in question was given its first test flight on October 26, 1958 and between then and the fatal flight on February 3, 1959 had flown about 270 hours. Even without disclosure in the briefs as to possible longer experience with prototypes of the plane which crashed on February 3, 1959, it appears that the Electra was no longer an experimental plane.[3] Thus denial to these plaintiffs of the rule of *res ipsa loquitur* for lack of experience with this type of aircraft [4] would be improper.

It is admitted that defendant Kollsman Instrument Corporation (Kollsman) sealed the two altimeters here allegedly involved before it delivered them to defendant Lockheed between March and May, 1958 and that they remained so sealed until they were retrieved from the East River after the crash.

Thus defendant Kollsman had "exclusive control" from the time it made the altimeters and sealed them until it delivered them to Lockheed who then had "exclusive control" until it delivered them as a component of the plane to American, which thereafter had "exclusive control". As to the altimeters, therefore, this would appear to make all three defendants subject to the doctrine of *res ipsa loquitur*.[5]

On the trial of these actions the plaintiffs will have the benefit of the rule of *res ipsa loquitur* as to all three defendants insofar as the altimeters are concerned and otherwise as to defendants American and Lockheed.

It is so ordered.

1. Res Ipsa Loquitur in Airline Passenger Litigation, 37 Virginia L.Rev. 55 (1951).

2. Schneider v. United States, 188 F.Supp. 911 (E.D.N.Y.1960).

3. United States v. Johnson, 288 F.2d 40 (5th Cir. 1961); Sapp v. United States, 153 F.Supp. 496 (W.D.La.1957).

4. Cf. Williams v. United States, 218 F. 2d 473 (5th Cir. 1955).

5. 2 Harper and James, The Law of Torts, 1085.