ANDERSON, ALLEN G, Associate Judge.
This matter was submitted to the trial court on motions for Summary Judgment filed by both the Plaintiff and Defendant. A Summary Judgment was entered for the Defendant and the Plaintiff appeals.
The Defendant was the owner of a 40 foot yacht, the Seamac III. The Plaintiff was employed by the Defendant as a one man captain and crew aboard the Seamac III.
Because of a leaking hull the yacht entered a boat yard where it was hauled out of the water on a pair of marine rails for repairs.
To provide electric power for a freezer full of shrimp while the vessel was out of the water and its generator could not function it was necessary to obtain the shoreline power cord from the yacht so it could be connected with the power outlet on the dock.
While the Defendant was present a ten to twelve foot wooden ladder was borrowed from the boat yard and used by the Plaintiff to ascend to the deck of the vessel. While climbing the ladder, preparing to step on the deck of the vessel, the sides of the ladder suddenly broke. The Plaintiff fell and was injured.
The complaint was founded on three counts. The first count alleges unseaworthiness. The second charges negligence under the Jones Act (infra) and common law alleging Defendant’s breach of a duty to supply a safe ladder and as a consequence a safe place to work. The third count is based upon a theory of Res Ipsa Loquitur.
The defenses included some factual denials, affirmative defenses of comparative negligence, contributory negligence, a request for a limitation of liability and a counterclaim. (The counterclaim is not involved in this appeal.)
Pre-trial procedures were utilized by both parties before 'the matter was heard on the pending motions for summary relief. It is not contended that there were issues of disputed fact nor does the record indicate any such disputes exist.
The trial court in its order found:
1. As to the first count the liability of seaworthiness does not extend to the ladder which broke causing the Plaintiff’s injuries, since the ladder was not a part of, nor a substitute for any of the ship’s gear.
2. As to the second count the Defendant did not know, nor have reason to know of the defective condition of the ladder, the same being a latent defect, and therefore no liability exists under the Jones Act.
3. As to the third count, the Defendant-owner did not have the exclusive control *587 of the ladder which was supplied by the marina and, thus, the doctrine of Res Ipsa Loquitur does not apply.
 The doctrine of seaworthiness is based upon the Admiralty doctrine of breach of warranty and not of negligence. It requires a vessel and its owners to indemnify a seaman for injuries caused by unseaworthiness of the vessel or its appurtenant appliances and equipment.[1]
It is the ship owner’s duty under the doctrine to provide a vessel that is reasonably adequate in materials, construction, equipment, stores, officers, men and outfit for the trade or service in which the vessel is employed.[2] This rule has been extended in some instances to articles brought aboard a vessel when they are articles commonly found as part of the vessel’s gear or where the articles have been adopted as part of the ship’s gear.
In this case the trial court found from the undisputed facts that the ladder was not a part of nor a substitute for any of the ship’s gear. We feel that implicit in this ruling is a determination that the ladder was not adopted as part of the vessel’s gear. We agree with this ruling.
 Count two is based upon a violation of the Jones Act[3] which must be read in conjunction with Section One of the Federal Employers’ Liability Act.[4] Under the specific wording of these statutes a showing of negligence is essential before a recovery can be obtained. This rejects Appellant’s contention that the Defendant is liable even if the Defendant did not know or have any reason to know of the defective condition of the ladder.
In the absence of any indication that the defect in the ladder was a patent defect, of which the Defendant knew or in the exercise of reasonable care should have known, we see no reason to disturb the trial court’s ruling.
The third count is based on Res Ipsa Loquitur. The Defendant not only did not have exclusive control of the ladder, he had no control whatsoever. The ladder was used exclusively by the boat yard until the Plaintiff began his climb. Certainly no Res Ipsa Loquitur question is presented at common law nor is one presented under the Federal cases brought under the Jones Act.[5]
Two additional questions are posed by Appellant. They are, first, ignoring Maritime Law was Appellee liable to Appellant at common law for his failure to supply a safe place to work? Second, was it essential for the Appellant to plead knowledge on the part of the Appellee of the defective condition of the ladder ?
These questions are answered no and yes in that order. ' The only basis for a claim that the Appellee breached his obligation to provide a safe place to work is *588 the fact that the ladder broke. In the absence of any knowledge on the part of the Defendant, or where in the exercise of reasonable care he should have known of a defect in the ladder, there is no negligence.
The trial court is therefore affirmed.
SHANNON, Acting C. J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.

. The Osceola, 189 U.S. 58, 73 S.Ct. 483, 47 L.Ed. 760.

. Doucette v. Vincent (1st Cir., 1951) 194 F.2d 834.

. 46 U.S.C. § 688, commonly called the Jones Act provides in part:
“Any seaman who shall suffer personal injury- in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.”

. Section 1 of the Federal Employers’ Liability Act (45 U.S.C.A. § 51) reads:
“ * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its * * * appliances, machinery * * * or other equipment.”

. United States v. Coffey (9th Cir.) 233 F.2d 41; Williams v. United States (5th Cir.) 218 F.2d 473.