**Marlys J. UDSETH, as Administratrix of the Estate of Peter D. Udseth, Deceased, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 75–1200.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 11, 1975.

Decided March 1, 1976.

Zenon F. Myszkowski, Marchiondo & Berry, P. A., Albuquerque, N. M., for appellant.

Barbara L. Herwig, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Victor R. Ortega, U. S. Atty., Albuquerque, N. M., and Stephen F. Eilperin, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., with her on the brief), for appellee.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

SETH, Circuit Judge.

This is a wrongful death action brought under the Federal Tort Claims Act by the administratrix of the estate of Peter D. Udseth. The decedent was a student pilot killed in an airplane crash in New Mexico. The complaint alleged that the crash and subsequent death of Udseth were due to the negligence of a

flight instructor, Joe Ellis Turner, who also died in the crash. It was alleged that Turner was in the course and scope of his employment as an employee and agent of the Fort Bliss Flying Club, and that the club was an instrumentality of the federal government. The decedent was in the Service and taking lessons as a member of the Flying Club.

Facts of the case were established by stipulation of the parties. The crash was not caused by mechanical or structural failure of the airplane or by meteorological conditions. The aircraft was a Cessna 150 "N" equipped with dual controls. At the time of the crash, Udseth was a student pilot who had logged twenty-three hours of flight time and had demonstrated a capability to fly the plane by himself. Turner was a civilian flight instructor for the Fort Bliss Flying Club, and was listed as "pilot in command" on the day of the crash.

The trial court held that the instructor was an employee of the federal government, and that the Flying Club was an instrumentality of the federal government.

Little additional evidence was introduced at trial and the trial judge entered judgment for defendant on the ground that appellant had failed to prove the cause of the accident. He said:

"... I find as a fact that the two were flying in the airplane, it spun into the ground . . . ; and those are the only facts—material facts established by the record, other than those in the Stipulation; that is, the weather was not a factor; no evidence of the mechanical condition of the plane being a factor; but as to what caused the accident, I—there is no evidence, and I cannot and will not speculate as to who, if either or both of the occupants of the plane; if either or both were negligent or caused the accident."

Appellant argues that the above quoted holding is contrary to law and contends that in order to meet her burden of proof, she only had to prove that the crash resulted from human error and

that the Government's employee Turner was the pilot in command of the aircraft.

Appellant relies heavily, and almost exclusively, on the case of *Lange v. Nelson-Ryan Flight Service, Inc.,* 259 Minn. 460, 108 N.W.2d 428, wherein the Minnesota Supreme Court held that upon proof of negligence in the operation of a dual-control aircraft, the pilot in command is liable regardless of whether he is in control at the time of the disastrous maneuver. The *Lange* court states a distinctly minority view on the issue of imposition of liability in the crash of a dual-control airplane in the absence of evidence as to who was flying the plane, and probably is the only case directly so holding. The majority rule is noted in *Mitchell v. Eyre,* 190 Neb. 182, 206 N.W.2d 839:

"To recover herein the plaintiff was required to prove who was piloting the plane at the time of the crash. Until she has done so she has not met her burden of proof. The finding of negligence is immaterial until we can determine the identity of the person to be charged with responsibility for the negligence. An issue depending entirely upon speculation, surmise, or conjecture is never sufficient to sustain a judgment. . . ."

*See also In re Rivers' Estate,* 175 Kan. 809, 267 P.2d 506: *Towle v. Phillips,* 180 Tenn. 121, 172 S.W.2d 806.

■ There is no New Mexico case law on the question of liability in the crash of a dual-control airplane in the absence of any evidence as to who was flying the plane at the time of the mishap or who was negligent. This court has said that in the absence of controlling state precedent or on an unsettled peripheral question of state law, the views of the resident district judge are persuasive and ordinarily accepted. *Stevens v. Barnard,* 512 F.2d 876 (10th Cir.); *Hardy Salt Co. v. Southern Pacific Transp. Co.,* 501 F.2d 1156 (10th Cir.). The state of the authorities generally is noted above.

■ The plaintiff advanced the doctrine of res ipsa loquitur in her third cause of action. The trial judge held that the doctrine did not apply. This issue is related to the problem as to who

was flying the plane, and its application is prevented by the same lack of proof. The doctrine is applied by the New Mexico courts where there is a lack of evidence as to the cause of the accident and the manner in which it occurred. *Ciesielski v. Waterman,* 86 N.M. 184, 521 P.2d 649. The elements of the doctrine were noted in *Hisey v. Cashway Supermarkets, Inc.,* 77 N.M. 638, 426 P.2d 784:

> "The factual basis necessary as a premise for application of res ipsa loquitur requires proof that (1) plaintiff's injury was proximately caused by an agent or instrumentality under the exclusive control of the defendant; and (2) the incident causing the injury is of the kind which ordinarily does not occur in the absence of negligence by the person having control of the instrumentality."

It is the first element of the doctrine which concerns us here. In the crash of a dual-control aircraft the argument advanced by appellant presumes that the "pilot in command" is in exclusive control of the airplane regardless of whether he is flying it. The trial court held that New Mexico law does not allow such a presumption, and we agree.

In *Hisey, supra,* the Supreme Court of New Mexico noted:

> "The absence of any evidence, or reasonable inference to be drawn from evidence that this accident is the kind which ordinarily does not occur in the absence of the negligence of *someone alone* defeats the application of the doctrine . . . ." (Emphasis added).

And as New Mexico courts have often held, ". . . evidence equally consistent with two hypotheses tends to prove neither." *Tapia v. McKenzie,* 85 N.M. 567, 514 P.2d 618; *Stambaugh v. Hayes,* 44 N.M. 443, 103 P.2d 640. *See also Campbell v. First National Bank in Albuquerque,* 370 F.Supp. 1096 (D.N.M.), and 6 A.L.R.2d 535.

Here, both occupants of the aircraft were capable of flying it alone. There is no evidence to establish which of them was flying the plane at the time of the accident, nor who was negligent. Impo-

sition of liability on the pilot in command in such circumstances seems purely speculative and conjectural.

Affirmed.